### PEOPLE v. PICKERT.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1904.)

1. GAMING—LOTTERY—MISDEMEANOR—JURISDICTION.

The Supreme Court has no jurisdiction of the crime defined in Pen. Code, § 328, making it a misdemeanor to offer property for distribution, the title to which is to be determined by lot and chance, on the drawing of a lottery; the offense being a misdemeanor.

2. SAME—INSTRUCTIONS—VERDICT—EVIDENCE—SUFFICIENCY.

Defendant was indicted under several counts, the first charging him with being a common gambler, under Pen. Code, § 344; the fourth, under section 325, charging that he feloniously assisted in contriving a lottery scheme; and the fifth, under section 328, charging him with the offense of offering property for distribution, the title to which was to be determined by lot. On the trial there was no evidence tending to establish the fourth count, but the evidence was conclusive that defendant had violated

the law as alleged in the fifth count, over which the court had no juris-
diction. The court instructed the jury that no conviction could be had,
except under the fourth count. *Held*, that as there was no evidence tend-
ing to support the fourth count, and as that was the only count submitted
to the jury, a finding of guilty was against the weight of evidence.

Stover, J., dissenting.

Appeal from Trial Term, Erie County.

Roger F. Pickert was convicted of gaming, and from the judgment
and orders denying motions in arrest and for a new trial, and over-
ruling a demurrer to the indictment, defendant appeals. Reversed
in part.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

Philip A. Laing, for appellant.

Edward E. Coatsworth, Dist. Atty. (Frank A. Abbott, of counsel),
for the People.

McLENNAN, P. J. The indictment under which the defendant
was tried and convicted contained five counts. The first three char-
ged him with being a common gambler, under section 344 of the
Penal Code. The fourth count charged that the defendant "on the
second day of January, 1901, feloniously and wrongfully did contrive
and assist in contriving a certain lottery, scheme and gift enterprise
for the distribution of property, to wit, divers articles of value, of a
number and description to the grand jury aforesaid unknown, by
chance, among persons who had paid or agreed to pay a valuable
consideration for such chance, a more particular description of which
said lottery is to the grand jury aforesaid unknown." The fifth count
of the indictment charged the defendant with the crime of offering
for distribution property, the title to which was to be determined by
lot and chance, upon the drawing of a lottery; such count being based
upon section 328 of the Penal Code. At the close of the evidence
the learned trial court determined, as matter of law, and instructed
the jury, that no conviction of the defendant could be had, except
under the fourth count.

Without reference to the questions presented by the orders ap-
pealed from, which we do not separately pass upon, it seems to us
that upon the merits the judgment of conviction should not be al-
lowed to stand. As we read the evidence contained in this record,
it does not in the least degree tend to establish that the defendant
was guilty of the crime charged in the fourth count—that of contriv-
ing or assisting to contrive a lottery, scheme, or gift enterprise. He
was evidently convicted upon the theory that he was guilty of the
offense charged in the fifth count, of which the Supreme Court had
no jurisdiction, it being a misdemeanor, but of which, under the
charge of the court, the jury was permitted to find the defendant
guilty upon the submission to them of the fourth count only. The
evidence conclusively shows that the defendant at the times in ques-
tion was engaged in violating the law as alleged in the fifth count,
but the charge contained in said count was taken from the jury, and
the only question submitted to them was whether or not the defend-

ant was guilty of having violated the law as charged against him in the fourth count. Throughout its entire charge the learned trial court discussed the facts which tended to establish that the defendant was guilty of the offense charged in the fifth count, but made no reference to the charge in the fourth count, other than to instruct the jury that if they found the defendant guilty of "running a lottery," and of offering for distribution property, as alleged in the fifth count, he might be convicted "of the crime charged in the fourth count," which was the only one submitted to them. We are constrained to hold that there is no evidence in the record which justifies the finding that the defendant was guilty of the charge contained in the fourth count, and that, that being the only charge submitted to them, the finding of the jury thereunder is contrary to and against the weight of the evidence, and cannot be sustained.

As before stated, the evidence did show that the defendant committed the offense charged in the fifth count, consideration of which was withdrawn from the jury; but the case does not present evidence sufficient to establish that he contrived, assisted to contrive, procured, or assisted in procuring, drew, or assisted in drawing, a lottery, as prohibited by section 325 of the Penal Code. Yet the learned trial court permitted the jury to find the defendant guilty under the fourth and only count in the indictment submitted to them, upon facts tending to support a charge of an entirely different crime which had been taken from their consideration.

We think the demurrer was properly overruled by the learned trial court, and that the order overruling the same should be affirmed. For the reasons above stated, however, the judgment of conviction, order denying motion in arrest of judgment, and order denying motion for new trial, should be reversed, and new trial ordered. All concur, except STOVER, J., who dissents upon the ground that no exception was taken to the charge of the learned trial court in respect to the matters pointed out in the opinion; that the evidence clearly establishes that the defendant was the contriver, proprietor, and manager of the lottery; and that the theory adopted seems to have been acquiesced in by the defendant upon the trial.